NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          :
PRISCILLA GRANT,                          :
                                          :
                Plaintiff,                :
                                          :   Civ. No. 09-4312 (GEB)
        v.                                :
                                          :   **MEMORANDUM OPINION**
COMMISSIONER                              :
SOCIAL SECURITY ADMINISTRATION,           :
                                          :
                Defendant.                :
_____:

**BROWN, Chief Judge**

This matter comes before the Court upon the appeal of Plaintiff Priscilla Grant ("Grant") that alleges Defendant the Commissioner of the Social Security Administration (the "Commissioner") erroneously denied Grant's applications for benefits under the Social Security Act (the "Act"). (Compl.; Doc. No. 1.) The Commissioner has filed a brief in opposition. (Def.'s 9.1 Opp'n Br.; Doc. No. 15.) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g), and has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, the Court will vacate the final decision of the Commissioner and remand this case for further administrative proceedings consistent with this Memorandum Opinion.

**I.      BACKGROUND**

On December 5, 2005, Grant filed an application for supplemental security income,

alleging disability beginning June 1, 2003.  (ALJ Decision, May 25, 2008; Admin. Record ("A.R.") 18.)  The claim was denied initially on February 9, 2006, and again denied upon reconsideration on August 3, 2006.  (*Id.*)  Thereafter, Grant timely requested a hearing.  (*Id.*)  The hearing took place on August 25, 2006, and at the hearing the ALJ heard testimony from Grant.  (*Id.*)

Following the hearing, on May 25, 2008, the ALJ issued her Decision that denied Grant's applications for benefits.  (*Id.*)  In her Decision, the ALJ found that: (1) there is no evidence that Grant has engaged in substantial gainful activity since the application date of December 5, 2005; (2) Grant has the following severe impairments: osteoarthritis of the bilateral knees, asthma, and morbid obesity; (3) Grant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Grant has the residual function capacity ("RFC") to perform sedentary work as defined in 20 C.F.R.416.967(a), but is limited to jobs that require only occasional climbing of ramps or stairs and only occasional balancing, stooping, kneeling, crouching and/or crawling; that permit her, when seated during the day, to get up for three to four minutes each half hour to stretch; and that do not involve exposure to temperature extremes or known chemical irritants; (5) Grant has no past relevant work; (6) Grant is defined as a "younger individual" under the Regulations; (7) Grant has a limited education and is able to communicate in English; (8) transferability of job skills is not an issue because Grant does not have past relevant work; and (9) considering Grant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.  (*Id.* at 21-29.)  Based upon these findings, the ALJ concluded Grant was not disabled as defined by the Social Security Act and denied Grant's

applications for benefits on that basis.  (*Id.* at 30.)  Grant timely appealed the ALJ's Decision to the Social Security Administration Appeals Counsel, which ultimately denied Grant's request for review on June 26, 2009.  (A.R. 6.)

Having exhausted her administrative remedies, Grant timely filed her present complaint in federal district court on August 24, 2009.  (Compl.; Doc. No. 1.)  The case was reassigned to this Court on March 15, 2010. (Doc. No. 9.)  In her brief filed pursuant to Local Civil Rule 9.1, Grant asks this Court to reverse the Commissioner's decision and grant her benefits or, in the alternative, reverse the Commissioner's decision and remand for additional proceedings.  Grant argues the ALJ's Decision is not supported by substantial evidence, and is erroneous as a matter of law for the following four reasons: (1) the ALJ failed to weigh the medical opinion evidence as required by law; (2) the ALJ's credibility analysis fails to follow legal requirements; (3) the ALJ failed to follow the policies and rules for evaluating cases involving obesity; and (4) the ALJ's determination of Grant's RFC was legally flawed.  (Pl.'s 9.1 Br. at p. 1; Doc. No. 13.)  The Commissioner filed an opposition brief pursuant to L. Civ. R. 9.1, and therein argues that all of Grant's arguments fail and that the ALJ's decision is supported by substantial evidence and must be affirmed.  (Def.'s 9.1 Opp'n Br.; Doc. No. 15.)

## II.     DISCUSSION

### A.     Standard of Review

The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Substantial evidence exists when there is "more than a mere scintilla.  It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Therefore, this Court is bound by the ALJ's findings of fact if they are supported by substantial evidence. *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000).

### B.   Legal Standard

A plaintiff may not receive benefits under the Act unless he or she first meets statutory insured status requirements. A plaintiff must be disabled, which is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is not disabled unless "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives or whether a specific job vacancy exist for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A).

Regulations promulgated under the Act establish a five-step process for an ALJ's evaluation of a claimant's disability. 20 C.F.R. § 404.1520 (2005). In the first step, the ALJ must determine whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is working and the work is a substantial gainful activity, his application for disability benefits is automatically denied. *Id.* If the claimant is not

employed, the ALJ proceeds to step two and determines whether the claimant has a "severe impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). A claimant who does not have a "severe impairment" is not disabled. *Id.* Third, if the impairment is found to be severe, the ALJ determines whether the impairment meets or is equal to those impairments listed in Appendix 1 of this subpart ("the Listing"). 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is conclusively presumed to be disabled, and the evaluation ends. *Id.*; 20 C.F.R. § 404.1520(d).

If it is determined that the impairment does not meet or equal a listed impairment, the ALJ proceeds to step four, which requires a determination of: (1) the claimant's capabilities despite limitations imposed by an impairment ("residual functional capacity," or "RFC"); and (2) whether those limitations prevent the claimant from returning to work performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is found capable of performing his previous work, the claimant is not disabled. *Id.* If the claimant is no longer able to perform his prior line of work, the evaluation must continue to the last step. The fifth step requires a determination of whether the claimant is capable of adjusting to other work available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). The ALJ must consider the RFC assessment, together with claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(g). Thus, entitlement to benefits turns on a finding that the claimant is incapable of performing his past work or some other type of work in the national economy because of his impairments.

The application of these standards involves shifting burdens of proof. The claimant has the burden of demonstrating both steps one and two, i.e., an absence of present employment and the existence of a medically severe impairment. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987).

If the claimant is unable to meet this burden, the process ends, and the claimant does not receive benefits. *Id.* If the claimant carries these burdens and demonstrates that the impairments meet or equal those within the Listing, claimant has satisfied his burden of proof and is automatically entitled to benefits. *Id.* If the claimant is not conclusively disabled under the criteria set forth in the Listing, step three is not satisfied, and the claimant must prove "at step four that the impairment prevents her from performing her past work." *Id.* Thus, it is the claimant's duty to offer evidence of the physical and mental demands of past work and explain why he is unable to perform such work. If the claimant meets this burden, the burden of proof then shifts to the Commissioner to show, at step five, that the "claimant is able to perform work available in the national economy." *Id.* The step five analysis "can be quite fact specific." *Burnett v. Commissioner*, 220 F.3d 112, 126 (3d Cir. 2000).

      **B.**    **Application**

           1.    *The ALJ did not properly consider Grant's obesity.*

Grant argues that the ALJ failed to properly consider the effects of her obesity in combination with her other impairments. (Pl.'s Br. at p. 33-35; Doc. No. 13.) The Court agrees with Grant. When an ALJ recognizes obesity as a severe impairment, the ALJ must determine whether and to what extent obesity in combination with the claimant's other impairments impacted the claimant's workplace performance. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). This must be considered at step three and every subsequent step. *Id.* at 504. The ALJ is to provide explanations and reasoning for his findings, not summary conclusions. *Id.* at 505.

In this case, the Court notes that there are inconsistences in the record regarding the extent of Grant's obesity.  The ALJ's decision states "morbid obesity" as one of Grant's "severe" impairments.  (A.R. 21.)  However, in discussing Grant's obesity in connection with her arthritis, the ALJ states "the claimant was not diagnosed with morbid obesity." (A.R. 26.)  Furthermore, in Dr. Fernando's report, "morbid obesity" was listed under "diagnosis." (A.R. 224.)  These statements are inconsistent, and thus, there is not substantial evidence to support the ALJ's findings regarding the effect of Grant's obesity on her workplace performance.  The Court remands this case for further proceedings on this issue.

> 2.  *The ALJ's credibility analysis fails to follow legal requirements*

An ALJ may weigh the credibility of the evidence, and must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence.  *Fargnoli v. Massanari*, 247 F.3d 34 (3d Cir. 2000).  In this case, Grant argues that the ALJ's decision is erroneous because the ALJ did not provide proper explanations for her assessment of Grant's credibility. (Pl.'s 9.1 Br. at pp. 24-27; Doc. No. 11.)  The Court agrees because it has found at least three statements the ALJ makes to support her credibility determination of Grant's testimony that are inconsistent with evidence in the record.  In the Decision, the ALJ states, "Every physical examination reflects full motor strength of both the upper and lower extremities bilaterally." (ALJ Decision, May 25, 2008; A.R. 27.)  This is inconsistent with the notes from Grant's visit to the Robert Wood Johnson Orthopedic Clinic that indicate she had 4/5 motor strength in her right knee.  (A.R. 249.)  Next, the ALJ stated, "The report of each physical examination states that the claimant had a normal gait and station and that she did not use an assistive device, other than

when she went to the ER for treatment." (ALJ Decision, May 25, 2008; A.R. 27.)  This is inconsistent with the examination report of Dr. Fernando which stated, "Gait is clearly antalgic," or in other words, abnormal.  (A.R. 223.)  Furthermore, in Dr. Urgent's report he noted Grant uses a cane as an assistive device, (A.R. 186) and that Grant uses crutches when needed (A.R. 190).  Additionally, the ALJ stated, "[T]here is no indication that she has ever required potent pain medications.  It appears that she had relied solely upon over-the-counter medications such as Tylenol and Ibuprofen for pain alleviation." (ALJ Decision, May 25, 2008; A.R. 28.)  This contradicts with the record that indicates in various places Grant was taking narcotic strength pain killers, including Percocet (A.R. 209, 211) and Oxycodone (A.R. 97).   Due to all of these inconsistencies, the Court does not find substantial evidence to affirm the ALJ's credibility determination.  Therefore, the Court remands this case for clarification on this issue.

      3.     *Remand is Appropriate*

Because the ALJ failed to appropriately assess the effect that Grant's obesity has on her work place performance and failed to adequately support her credibility determination regarding Grant's testimony, this Court does not have sufficient information to decide whether Plaintiff is entitled to benefits under the Act.[1]  As such, an award of benefits to the Plaintiff by this Court is inappropriate at this time.  Rather, the Court will remand for further administrative hearings consistent with this opinion.

---

[1] Grant also argues the Decision is erroneous because the ALJ failed to weigh the medical opinion evidence as required by law and because the ALJ's determination of the Grant's RFC was legally flawed.  These arguments need not be addressed at this time because the inconsistencies between the Decision and record must first be resolved.

**III.    CONCLUSION**

For the foregoing reasons, the Court will vacate the final decision of the Commissioner, and remand this case for further administrative proceedings consistent with this Memorandum Opinion.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: June 16, 2010

s/s Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.